

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:  Case No. 04-34505-BKC-SHF
Chapter 7

THOMAS J. GRANATA

    Debtor.
_____/
MICHAEL R. BAKST, Trustee in
Bankruptcy for Thomas. J. Granata,

    Plaintiff,
v.  Adversary Case No.:
THOMAS J. GRANATA, II;
    Defendant.
_____/

### COMPLAINT FOR PAYMENT OR TURNOVER PURSUANT TO 11 U.S.C. §542; OR ALTERNATIVELY TO AVOID AND RECOVER FRAUDULENT AND/OR PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 AND 547 AND FLORIDA STATUTE § 726; AND TO RECOVER ESTATE PROPERTY PURSUANT TO 11 U.S.C. §550

The Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** (hereinafter referenced as "Trustee") by and through undersigned counsel, hereby sues the Defendant (the Debtor's son), **Thomas J. Granata, II** (hereinafter referenced as "Granata") pursuant to Bankruptcy Rule 7001, 11 U.S.C. §§548; 547; and 542; Florida Statute § 726; and 11 U.S.C. §550, and alleges:

### GENERAL ALLEGATIONS

1. This is an adversary proceeding brought by **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** for payment of a debt pursuant to 11 U.S.C. §542(b), or alternatively, turnover of property pursuant to 11 U.S.C. §542(a); and seeking to avoid and recover fraudulent and/or preferential transfers pursuant to 11 U.S.C. §§ 548, 547, and 550 and Florida Statute § 726.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334(b).

3. This is a core proceeding which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §157(b)(2)(A), (F), and (H).

4. This voluntary Chapter 7 bankruptcy proceeding was filed on September 30, 2004.

5. The Plaintiff, Michael R. Bakst, has been appointed as the Chapter 7 Trustee, and upon the conclusion of the first meeting of creditors on November 24, 2004, became the permanent Trustee.

6. The Debtor's Statement of Financial Affairs, question 10, reflects that the Debtor loaned his son, Thomas J. Granata, II, $40,000.00 on March 21, 2004, in addition to other sums ranging from $2,000.00 to $5,000.00 at various times over the twelve months prior to the filing of the petition.

7. The Debtor testified at his Rule 2004 examination that the $40,000.00 loan occurred on March 21, 2003 instead of 2004.

8. The Debtor's banking records reflect that the Debtor transferred to Thomas Granata, II a total of $68,500.00 ($9,000.00 of which was transferred within one year prior to the filing of the petition):

    (a) $5,000.00 on December 30, 2002 pursuant to check # 0532;
    (b) $3,500.00 on January 7, 2003 pursuant to check # 0636;
    (c) $2,000.00 on January 17, 2003 pursuant to check # 0536;
    (d) $5,000.00 on January 24, 2003 pursuant to check # 0661;
    (e) $2,000.00 on February 11, 2003 pursuant to check # 0663;
    (f) $2,000.00 on February 4, 2003 pursuant to check # 0664;
    (g) $40,000.00 on March 21, 2003 pursuant to check # 0675;
    (h) $9,000.00 on December 1, 2003, pursuant to check # 0613

9. Pursuant to 11 U.S.C. §542(b), an entity that owes a debt that is property of the estate that has matured, shall pay such debt to the Trustee.

10. Pursuant to 11 U.S.C. §542(a), an entity in possession, custody or control during the case of property that the Trustee may use, sell or lease under §363 of this title, shall deliver to the Trustee, and account for, such property or the value of such property.

## COUNT I - TURNOVER OF PROPERTY

11. The Plaintiff realleges Paragraphs 1-10 above as if stated fully herein.

12. Pursuant to 11 U.S.C. §542(b), an entity that owes a debt that is property of the estate that has matured, shall pay such debt to the Trustee.

13. Pursuant to 11 U.S.C. §542(a), an entity in possession, custody or control during the case of property that the Trustee may use, sell or lease under §363 of this title, shall deliver to the Trustee, and account for, such property or the value of such property.

14. The Defendant owes a debt that is property of the estate that has matured in the total amount of $68,500.00 as a result of various loans from the Debtor in the amounts set forth in paragraph 8(a)-(h) above.

15. The Defendant has failed to turn over to the Trustee the subject $68,500.00 or any part thereof.

16. The right to receive payment for the money loaned to the Defendant is property of the estate pursuant to 11 U.S.C. § 541.

17. The Defendant, Thomas Granata, II, is in possession of $68,500.00, plus interest, that is property of the Estate.

18. The Plaintiff seeks an order from the Court requiring the Defendant, Thomas Granata, II, to turnover the sum of $68,500.00 by way of a judgment against the Defendant pursuant to 11 U.S.C. §§542(b), or, alternatively, require the delivery of such funds to the Trustee and an accounting for the value of such property pursuant to 11 U.S.C. §542(a).

**WHEREFORE,** the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, demands judgment for damages against the Defendant, **Thomas J. Granata, II,** thus ordering him to pay the sum of $68,500.00, in addition to any other amounts that may be discovered through these proceedings, plus prejudgment interest, to the Trustee, plus court costs, interest, and such other relief as the Court deems just and proper.

## COUNT II - BREACH OF CONTRACT

19. The Plaintiff realleges Paragraphs 1-10 above as if stated fully herein.

20. The Plaintiff has complied with all conditions precedent to the filing of this lawsuit.

3

21. As further alleged above, on the dates set forth in paragraph 8(a)-(h) above, as evidenced by the Debtor's banking records and Schedules and Statement of Financial Affairs, the Defendant and the Debtor entered into a contract, whereby the Debtor loaned the Defendant a total of $68,500.00.

22. Pursuant to 11 U.S.C. §541, all interests of the Debtor are now property of this bankruptcy estate and are payable and owed to the Trustee.

23. The Defendant, Thomas J. Granata, II, has breached the terms of this contract by failing to repay the loans to the Debtor, and as a result, the Plaintiff has been damaged in the sum of $68,500.00, plus interest.

**WHEREFORE**, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, demands judgment for damages against the Defendant, **Thomas J. Granata, II**, thus ordering him to pay the sum of $68,500.00, in addition to any other amounts that may be discovered through these proceedings, plus prejudgment interest, to the Trustee, plus court costs, interest, and such other relief as the Court deems just and proper.

### COUNT III - QUANTUM MERUIT

24. The Plaintiff realleges Paragraphs 1-10 above as if stated fully herein.

25. In the event the Court does not find a contract between the Debtor and the Defendant, the Plaintiff pleads in the alternative an action for damages based on quantum meruit and alleges as follows.

26. The debtor provided loans in the amount of $68,500.00 to the Defendant who had full knowledge that he was obtaining such loans from the Debtor.

27. The Defendant acquiesced and benefitted from the $68,500.00.

28. A reasonable value for the repayment of the loan to the Debtor is $68,500.00.

29. The Defendant has failed to pay the total $68,500.00 or any part thereof.

30. The Defendant, Thomas J. Granata, II, has been unjustly enriched by virtue of the foregoing.

**WHEREFORE**, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, demands judgment for damages against the

4

Defendant, **Thomas J. Granata, II** in the amount of $68,500.00, together with interest and Court costs.

### COUNT IV–AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §548

31. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

32. The transfer of $9,000.00 on December 1, 2003, pursuant to check # 0613 to Thomas J. Granata, II, as referenced above in paragraph 8(h), and such other funds and property as may be discovered through these proceedings, were transfers made with the actual intent to hinder, delay, and defraud creditors pursuant to 11 U.S.C. §548(a)(1).

33. Alternatively, pursuant to 11 U.S.C. §548(a)(1)(B), the aforementioned transfers referenced in paragraph 8(h) was of an interest of the Debtor which occurred within one year of the date of the bankruptcy filing whereas the Debtor received less than a reasonably equivalent value in exchange for the transfer and:

>   (a) Was insolvent on the date that the transfer was made or became insolvent as a result of the transfer;
>
>   (b) Was engaged in business or a transaction or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonable small capital; or
>
>   (c) The Debtor intended to incur or believed that he would incur debts beyond his ability to pay as such debts matured.

34. Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover the transfer totaling $9,000.00, plus such additional amounts and property as may be discovered through these proceedings, pursuant to 11 U.S.C. §550(a).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, respectfully requests that the Court enter judgment against **Thomas J. Granata, II,** setting aside and avoiding the fraudulent transfers thus entering judgment against **Thomas J. Granata, II,** in the amount of at least $9,000.00, in addition to such other amounts and property as may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT V-AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO FLORIDA STATUTE §726.105(1)(A)

35. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

36. This and all subsequent counts are plead in the alternative, in the event that the Court does not find that the $68,500.00 transferred by the Debtor to the Defendant were loans.

37. Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502(e) of this title.

38. Florida Statute 726.105(1)(a) provides that:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
with actual intent to hinder, delay, or defraud any creditor of debtor.

39. The Debtor's transfer of the funds referenced above totaling $68,500.00, and such additional funds and property as may be discovered through these proceedings, to Thomas J. Granata, II, were done with the actual intent to hinder, delay, or defraud creditors.

40. As a result of the transfers, the Plaintiff has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the funds transferred, $68,500.00.

41. Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfers were made, and as a result, the Plaintiff is entitled to recover the total amount of the funds transferred in the amount of $68,500.00, plus such additional amounts and property as may be discovered through these proceedings, pursuant to 11 U.S.C. §550(a).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, respectfully requests that the Court enter judgment against **Thomas J. Granata, II,** setting aside and avoiding the fraudulent transfers, thus entering judgment against **Thomas J. Granata, II,** in the amount of at least $68,500.00, in addition to such other amounts and property as may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT VI – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO FLORIDA STATUTE 726.105(1)(B)

42. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

43. Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not allowable only under §502(e) of this title.

44. Florida Statute 726.105(1)(b) provides:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor:

    (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

    (b) intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to pay as they became due.

45. As referenced above, the Debtor transferred funds in the total amount of $68,500.00 to Thomas J. Granata, II. Furthermore, on the dates of the subject transfers and on all dates thereafter, such transfers were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

46. At the time of the transfers, the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; and/or had incurred debts beyond its ability to pay as they became due, or in the alternative, Debtor intended to incur or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

47. As a result of the transfer(s), the Plaintiff has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the funds transferred, $68,500.00.

48. Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfers were made, and as a result, the Plaintiff is entitled to recover the total amount of the

7

funds transferred in the amount of $68,500.00, plus such additional amounts and property as may be discovered through these proceedings, pursuant to 11 U.S.C. §550(a).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, respectfully requests that the Court enter judgment against **Thomas J. Granata, II,** setting aside and avoiding the fraudulent transfers, thus entering judgment against **Thomas J. Granata, II,** in the amount of at least $68,500.00, in addition to such other amounts and property as may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT VII – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO FLORIDA STATUTE 726.106(1)

49. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

50. Pursuant to 11 U.S.C. §544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under §502 of this title or that is not allowable only under §502(e) of this title.

51. Florida Statute 726.106(1) provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving reasonably equivalent in value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

52. On the dates of the subject transfers as referenced above in paragraph 8(a)-(h), and on all dates thereafter, such transfers were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

53. At the time of the transfers to Thomas J. Granata, II, the Debtor was insolvent or became insolvent as a result of the transfers.

54. As a result of the transfers, the Plaintiff has been damaged pursuant to 11 U.S.C. §544(b) for the total value of the funds transferred, $68,500.00.

55. Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfers were made, and as a result, the Plaintiff is entitled to recover the total amount of the

funds transferred in the amount of $68,500.00, plus such additional amounts and property as may be discovered through these proceedings, pursuant to 11 U.S.C. §550(a).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata,** by and through undersigned counsel, respectfully requests that the Court enter judgment against **Thomas J. Granata, II,** setting aside and avoiding the fraudulent transfers, thus entering judgment against **Thomas J. Granata, II,** in the amount of at least $68,500.00, in addition to such other amounts and property as may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT VIII-AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §547

56. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

57. This count is plead in the alternative if the Court does not find that the above transfer referenced in paragraph 8(h) was fraudulent as set forth above and finds that Thomas J. Granata, II, was a creditor of the Debtor.

58. Pursuant to 11 U.S.C. §101(32), the Debtor was insolvent at the time of the transfer referenced in paragraph 8(h) in that the sum of his debts were greater than all of his property.

59. The transfer of the sum of $9,000.00, or an amount to be determined at trial, to Thomas J. Granata, II, from the Debtor:

    (a) was for the benefit of a creditor of the Debtor;

    (b) was for an antecedent debt allegedly owed by the Debtor before the transfer was made;

    (c) was made while the Debtor was insolvent;

    (d) was made (1) on or within 90 days before the date of the filing of the petition or (2) between ninety (90) days and one year before the date of the filing of the petition to an insider; and

    (e) enabled the Defendant, Thomas J. Granata, II, to receive more than he would have received if the case was filed under Chapter 7 or Chapter 11 of this title, the transfer had not been made and the Defendant received payment of his debt to the extent provided by the provisions under Title 11 of the Bankruptcy Code.

60. As a result of the above-referenced transfer, the Plaintiff has been damaged pursuant to 11 U.S.C. § 544(b), for the total value of the funds transferred, $9,000.00.

61. Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfer was made, and as a result, the Plaintiff is entitled to recover this transfer in the amount of $9,000.00, plus such additional amounts and property as may be discovered through these proceedings, pursuant to 11 U.S.C. §550(a).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata**, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding this preferential transfer, thus entering judgment against **Thomas J. Granata, II** in the amount of at least $9,000.00, in addition to any other amounts and property that may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT IX – AVOIDANCE OF FRAUDULENT TRANSFER PURSUANT TO FLORIDA STATUTE 726.106(2)

62. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

63. This Count is plead in the event that the Court finds that Thomas J. Granata, II is a creditor of the Debtor.

64. Pursuant to 11 U.S.C. § 544(b), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of this title or that is not allowable only under § 502(e) of this title.

65. Florida Statute 726.106(2) provides:

> A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

66. The transfer from the Debtor to Thomas J. Granata, II, referenced in paragraph 8(h), in the amount of $9,000.00, was a transfer made to an insider for an antecedent debt.

67. At the time of the transfer from the Debtor to Thomas J. Granata, II, the Debtor was insolvent, and Thomas J. Granata, II, had reasonable cause to believe that the Debtor was

10

insolvent.

68. As a result of the above-referenced transfer, the Plaintiff has been damaged pursuant to 11 U.S.C. § 544(b), for the total value of the funds transferred, $9,000.00.

69. The Defendant, Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfer, in the amount of $9,000.00, was made, and as a result, the Plaintiff is entitled to recover this transfer pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata**, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding this preferential transfer, thus entering judgment against **Thomas J. Granata, II** in the amount of at least $9,000.00, in addition to any other amounts and property that may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

## COUNT X- RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §550

70. The Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

71. The Defendant, Thomas J. Granata, II, was the initial transferee or the entity for whose benefit the transfers, referenced above in paragraph 8(a)-(h) and in Counts IV-IX, in the total amounts of $68,500.00 or $9,000.00 were made.

72. As a result, the Plaintiff is entitled to recover these transfers or their value pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, the Plaintiff, **Michael R. Bakst, Trustee in Bankruptcy for Thomas J. Granata**, by and through undersigned counsel, respectfully requests that the Court enter judgment setting aside and avoiding these transfers, thus entering judgment against **Thomas J. Granata, II** in the amount of at least the amount of the avoided transfers ($68,500.00, for Counts IV-VII; or $9,000.00 for Counts VIII-IX), in addition to any other amounts and property that may be discovered through these proceedings, plus award court costs and interest, and such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this the 29th day of September 2006.

ELK, BANKIER, CHRISTU & BAKST, LLP

_____Rilyn Carnahan_____
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar No.: 614831
Attorneys for Plaintiff/Trustee
222 Lakeview Avenue
Suite 1330
West Palm Beach FL 33401
Telephone: (561) 238-9900
Facsimile: (561) 238-9920